

**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

**Michael R. O'Donnell**
Partner

Direct:
t: 973.451.8476
f: 973.451.8700
modonnell@riker.com
Reply to: Morristown

July 6, 2007

**BY EMAIL AND REGULAR MAIL**

Peter Strojnik, Esq.
The Law Firm of Peter Strojnik
3030 North Central Ave., Suite 1401
Phoenix, AZ 85012-2712
Email: strojnik@aol.com

Dear Mr. Strojnik:

As you know, this firm represents Chicago Title Insurance Company ("Chicago Title"), which has issued a loan policy endorsed to your client, Sky Land Investments, LLC ("Sky Land"), on a mortgage Advertising Management and Consulting Services, Inc. ("Advertising Management") was assigned on property located in Bernardsville, New Jersey. We write in response to your July 2, 2007 letter that we recently received.

As I read your letter, Sky Land is demanding payment of the policy limit, $2 million, based on a claim of unmarketability of title. Its assertion of unmarketability is based on the potential exposure to pending litigation in light of information Sky Land received from this firm in December 2006. Sky Land points to a purported verification in an endorsement as proof of Sky Land's claimed damages of $3 million.[1]

As an initial matter, Sky Land's claim of unmarketability is not ripe under these circumstances. During his communications with this firm last year, Sky Land's purported principal, Greg Crane, specifically prohibited this firm from informing the litigants in the referenced New Jersey litigation of Sky Land's asserted assignment of the Bernardsville mortgage. Sky Land, as you know, has not been

---

[1] We note that the endorsement and policy clearly and unambiguously state that coverage thereunder is specifically limited to the face amount of the policy, which is $2 million here.

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Peter Strojnik, Esq.
July 6, 2007
Page 2

named as a defendant in that litigation. It is also our understanding that Sky Land's assignment (as well as the assignment to Advertising Management) has been recorded in Somerset County, New Jersey (the county in which the Bernardsville property is located) since November 2005. Thus, Sky Land's claim of unmarketability, without more, simply is not ripe under these circumstances. To the extent Sky Land wishes to confirm with the litigants in the referenced New Jersey litigation that its claim to the assigned mortgage is being challenged and can be divested in said litigation, then Chicago Title would reconsider Sky Land's request for coverage in this matter. To be clear, Chicago Title is in no way an admitting coverage, and Chicago Title reserves all its rights and defenses in this matter.

Should Sky Land resubmit a claim for coverage, in order to conduct its coverage investigation in this matter, Chicago Title will need the cooperation of Sky Land to obtain documents and examinations under oath as is required under the policy. As a matter of relevant factual background, Mr. Crane previously informed this firm that he is or was a principal in both Sky Land and Advertising Management and that the assignment from Advertising Management to Sky Land was merely a transfer of convenience between the two companies. In addition, the policy at issue was initially provided to Advertising Management and was then endorsed over to Sky Land. Accordingly, Chicago Title will need documents and examinations of persons from both entities. Moreover, it is our understanding that you have rendered relevant opinions concerning the mortgage at issue and that a Michael Taylor has been identified as the Manager of Sky Land. Hence, in particular, Chicago Title will require complete copies (including all attachments thereto) of the following materials in Sky Land's possession, custody, or control:

1. The policy in this matter under which Sky Land is seeking coverage (the "Policy");

2. The mortgage or mortgages for which Sky Land is seeking coverage and all underlying debt instruments therefore, including but not limited to all assignments and all documents concerning the amounts due and owing thereunder (collectively the "Mortgage");

3. Sky Land's and Advertising Management's files regarding the Mortgage and the Policy, including but not limited to all correspondence (whether in written, electronic, or other format, such as email);

4. Greg Crane's, Michael Taylor's, and Steven Stucker's files regarding the Mortgage and the Policy, including but not limited to all correspondence (whether in written, electronic, or other format, such as email);

Peter Strojnik, Esq.
July 6, 2007
Page 3

5. Peter Strojnik's and The Law Firm of Peter Strojnik's files regarding the Mortgage and the Policy, including but not limited to all correspondence (whether in written, electronic, or other format, such as email);

6. All communications and other documents (whether in written, electronic, or other format, such as email) regarding the Mortgage and the Policy that are between, among, or involve any one or combination of (a) Advertising Management (including any of its employees, agents, or representatives), (b) Sky Land (including any of its employees, agents, or representatives), (c) Cobra/Ventura Equities, LLC (including any of its employees, agents, or representatives), or (d) SWJ Holdings LLC (including any of its employees, agents, or representatives).

7. All communications and other documents (whether in written, electronic, or other format, such as email) involving or referencing Chicago Title (including any of its employees, agents, or representatives), Horizon Title Agency, Inc. (including any of its employees, agents, or representatives), or the Policy;

8. All documents, including but not limited to cancelled checks, wire transfers, and other receipts, evidencing the payment of the premium on the Policy;

9. All documents concerning the closings on the assignments of the Mortgage to Advertising Management and Sky Land, including all guarantees;

10. All documents, including but not limited to cancelled checks, wire transfers, other receipts, and HUD-1 statements, evidencing the monies exchanged in connection with the assignments of the Mortgage to Advertising Management and Sky Land and specifically evidencing the consideration paid by Advertising Management and Sky Land for each of their assignments of the Mortgage; and

11. All other documents and materials related to the Mortgage, Policy, and Sky Land's request for coverage under the Policy.

With regard to examinations under oath, should Sky Land resubmit a claim for coverage, Chicago Title will need to examine Messrs. Crane, Taylor, Stucker, and Strojnik as soon as possible after the above-materials are provided. Chicago Title, of course, reserves its right to conduct additional examinations under oath.

Please also advise now as (i) to the amount paid by both Advertising Management and Sky Land for the mortgage assignments to them and (ii) to whom each payment was made.

Peter Strojnik, Esq.
July 6, 2007
Page 4

As a final note, **it is extremely important that all relevant documents and materials (whether in written, electronic, or other format, such as email) are preserved by the insured (including any of its employees, agents, or representatives)**. Accordingly, please be sure that Sky Land and Advertising Management, their principals, officers, directors, and employees (including those persons referenced above), your firm, and any other counsel Sky Land and Advertising Management had concerning the matters described herein preserve all documents and materials (whether in paper, electronic, digital, or other form) relevant to these matters, including but not limited to all loan or mortgage files, title policy documents, correspondence, and emails. These documents and materials are relevant and necessary to Chicago Title's evaluation of this matter, and any destruction thereof would prejudice Chicago Title and may preclude coverage under the policy.

Please feel free to contact me if you wish to discuss this any further or there is anything else you wish to bring to Chicago Title's attention.

Thank you.

Very truly yours,

*[signature]*

Michael R. O'Donnell

3772467.1