Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Attorneys for Defendant
Chicago Title Insurance Company

John Maston O'Neal (#015945)
joneal@quarles.com

Nicole M. Goodwin (#024593)
ngoodwin@quarles.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SKY LAND INVESTMENTS, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> CHICAGO TITLE INSURANCE COMPANY, a Missouri domiciled insurer, <br><br> Defendant. | NO. CV07-01328-PHX-SRB <br><br> DECLARATION OF DAVID COHN UNDER 28 U.S.C. § 1746 |

I, David Cohn, hereby declare as follows:

1.  I am an Executive Director of Horizon Title Insurance Agency, Inc. ("Horizon"). As such, I am fully familiar with the facts stated herein. I make this Declaration in support of Chicago Title's motion for the entry of an Order transferring this matter to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a), or in the alternative, dismissing that matter in accord with the doctrine of *forum non conveniens* (the "Motion").

2.  Horizon is a New Jersey corporation and a licensed New Jersey title agent.

QBPHX\2118424.1

Horizon's principal place of business is in New Jersey. Virtually all of Horizon's business is conducted in New Jersey and relates to property situated in New Jersey. To my knowledge, all of Horizon's employees live in New Jersey or New York.

3. Horizon issued a Loan Policy to Advertising Management Consulting, Inc. ("Advertising Management") on May 25, 2005 in connection with the assignment of a certain mortgage (as amended twice) to Advertising Management by Cobra/Ventura Equities, LLC ("Cobra/Ventura") (the "Mortgage").

4. Cobra/Ventura was assigned the Mortgage by SWJ Holdings, LLC ("SWJ") on May 25, 2005.

5. The Loan Policy was initially negotiated by Horizon personnel, Cobra/Ventura principal William Mournes ("Mournes") and SWJ principal Stephen Podell ("Podell"). My understanding was that Cobra/Ventura agreed to arrange title insurance for Advertising Management as part of the deal in which the Mortgage was assigned to Advertising Management. These negotiations took place over the phone and in person at Horizon's New Jersey office.

6. Eventually, Horizon personnel exchanged e-mails and phone calls from their New Jersey office with Greg Crane, acting on behalf of Advertising Management. It is my understanding that Crane did little more than approve the language that had been negotiated by Mournes and Podell. Horizon personnel did not know where Crane was at the time these phone and e-mail communications occurred. All of Horizon's e-mail and phone communications originated from and/or took place in New Jersey.

7. The Loan Policy was prepared, executed and issued at Horizon's New Jersey office.

8. In connection with the Assignment of Advertising Management's interest in the mortgages to Sky Land Investments, LLC ("Sky Land"), on May 23, 2006, Horizon

issued an endorsement that amended the Loan Policy to name Sky Land as the insured (the "Endorsement").

9. Substantive negotiations regarding the language of the Endorsement took place in a face to face meeting between Greg Crane and Horizon personnel at Horizon's New Jersey office. Additional communications regarding the Endorsement took place over the phone and via e-mail. All of Horizon's e-mail and phone communications originated from and/or took place in New Jersey.

10. The Endorsement was prepared, executed and issued at Horizon's New Jersey office.

11. At no time did Horizon ever take any action – or intend to take any action – with respect to the Loan Policy outside of New Jersey. Indeed, all of the Loan Policy discussions concerned a New Jersey mortgage interest in New Jersey property.

12. All of the documents relevant to this matter in Horizon's possession are located in New Jersey.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2007

_____
David Cohn